IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DEIDRE TAYLOR, | ) | CASE NO. 1:07 CV 1649 |
| | ) | |
| Plaintiff, | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| v. | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

### Introduction

This is an action for judicial review of the final decision of the Commissioner of Social Security denying the applications of the plaintiff, Deidre Taylor, for disability insurance benefits and supplemental security income. The parties have consented to magistrate judge's jurisdiction.

The Administrative Law Judge ("ALJ"), whose decision became the final decision of the Commissioner, found that Taylor had severe impairments consisting of diabetes mellitus, degenerative disk disease of the lumbar spine with lumbosacral spondylosis and spondylolisthesis, hypertension, and obesity.[1]  The ALJ determined that Taylor had the following residual functional capacity:

> After careful consideration of the entire record, Ms. Taylor has the residual functional capacity to lift and carry up to 20 pounds occasionally and 10 pounds frequently; sit for eight hours of an eight-hour day; and stand and/or walk for less than two hours of an eight-hour day.  She requires the ability to

---

[1] Transcript ("Tr.") at 18.

>   alternate between sitting and standing at will.  Ms. Taylor is unable to stoop, crouch, crawl, or climb stairs.  Ms. Taylor cannot perform work requiring repetitive use of the legs, e.g. foot controls.  She is limited in her ability to bend and move about.  Ms. Taylor requires a cane for prolonged standing or walking.[2]

As counsel agreed at the oral argument, all of the jobs identified and discussed by the vocational expert at the hearing involved the residual functional capacity for less than sedentary work.  Accordingly, the relevant residual functional capacity for purposes of this case is less than sedentary.

The ALJ decided that the relevant residual functional capacity rendered Taylor unable to perform her past relevant work.[3]  Based on answers to hypothetical questions posed to the vocational expert at the hearing, the ALJ determined that a significant number of jobs existed locally and nationally that Taylor could perform.[4]  He, therefore, found Taylor not under a disability.

Taylor asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record.  Specifically, Taylor presents two issues for decision in this case:

- Whether the ALJ's determination that Taylor is capable of a range of sedentary work is supported by substantial evidence.

- Whether the ALJ's finding that Taylor's carpal tunnel syndrome is not severe is supported by substantial evidence.

---

[2] *Id.* at 19.

[3] *Id.* at 23.

[4] *Id.*

I conclude that the ALJ's failure to include carpal tunnel syndrome as a severe impairment is not reversible error in this case and that substantial evidence supports the finding at step five of the sequential evaluation process that Taylor is capable of performing sedentary work with the limitations recognized by the ALJ.  The Commissioner's decision, therefore, must be affirmed.

## Analysis

**1.     Standard of review**

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. 42 U.S.C. § 405(g). However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' "
>
> The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[5]

I will review the findings of the ALJ at issue here consistent with that deferential standard.

---

[5] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).

**2.  Substantial evidence supports the ALJ's residual functional capacity finding. The ALJ's failure to recognize Taylor's carpal tunnel syndrome as a severe impairment, therefore, is not reversible error.**

As the Sixth Circuit stated in the *Maziarz*[6] case, an ALJ does not commit reversible error by failing to recognize an impairment as severe at step two if he proceeds on to step four and/or step five, and the record does not support the inclusion of additional limitations in the residual functional capacity finding based on the omitted impairment.

Here, the omitted impairment is carpal tunnel syndrome. Taylor was diagnosed with carpal tunnel syndrome in July of 2005.[7] Joseph Hanna, M.D., the doctor who made the diagnosis, found only a mild weakness.[8] The medical expert, John Conomy, M.D., found no limitations on Taylor's use of her hands.[9] The consulting examining physician, Dariush Saghafi, M.D., found on examination that she had full strength in the writs[10] and normal grasp, manipulation, pinch, and fine coordination in both hands.[11]

With respect to the challenge to the residual functional capacity finding, I initially observe that this is a very diminished residual functional capacity. Although the ALJ's opinion makes reference to a modified light residual functional capacity finding,[12] all of the

---

[6] *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 247 (6th Cir. 1987).

[7] Tr. at 475.

[8] *Id.*

[9] *Id.* at 592, 595.

[10] *Id.* at 308.

[11] *Id.* at 312.

[12] *Id.* at 19.

jobs identified by the vocational expert were modified sedentary.[13]  Counsel agreed at the oral argument that for practical purposes the residual functional capacity finding here is modified sedentary.

With respect to the exertional limitations, counsel for Taylor acknowledges that those included in the opinion of Taylor's primary care physician, Diethra Cox, M.D., substantially track those in the residual functional capacity finding.[14]  She argues, however, that there should be additional limitations in the residual functional capacity finding for the carpal tunnel syndrome.  As indicated above, the record does not support such findings.

I do note, however, that both Drs. Cox and Saghafi impose limitations on reaching and pushing and pulling based upon Taylor's back condition.[15]  As the Commissioner points out, Dr. Saghafi found these limitations based upon Taylor's subjective complaints, which are not necessarily consistent with the objective medical evidence.  For example, Dr. Saghafi's examination showed no restrictions in range of motion in either the shoulder or elbow.[16]  I can find nothing in the record, other than Dr. Saghafi's comment about reaching and Dr. Cox's evaluation based upon Dr. Saghafi's comment, that suggests that she has problems with her shoulders or upper back.

---

[13] *Id.* at 613-15.

[14] *Id.* at 502.

[15] *Id.* at 317-503.

[16] *Id.* at 313.

The residual functional capacity finding, therefore, has the support of substantial evidence in the record.

## Conclusion

Substantial evidence supports the finding of the Commissioner that Taylor had no disability. Accordingly, the decision of the Commissioner denying Taylor disability insurance benefits and supplemental security income is affirmed.

IT IS SO ORDERED.

Dated: September 30, 2008　　　　　　　　　　　s/ William H. Baughman, Jr.
　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge